```
IN THE UNITED STATES DISTRICT COURT
    MIDDLE DISTRICT OF TENNESSEE
          NASHVILLE DIVISION
```

KIMBERLY THOMPSON,            )
                              )
v.                            )      Case No. 3:04-0811
                              )      Magistrate Judge Brown
CHAUTAUQUA AIRLINES, INC.,    )      **Jury Demand**
et al.,                       )

## **M E M O R A N D U M**

### I. INTRODUCTION

This civil action is pending before the undersigned for all further proceedings, pursuant to the consent of the parties and the Court's order of transfer (Docket Entry Nos. 8 and 16). Currently pending is defendant Chautauqua Airlines' motion for summary judgment (Docket Entry No. 28) on plaintiff's common law negligence claim. This motion is supported by memorandum (Docket Entry No. 26) and, pursuant to Local Rule 8(b)(7)(b), a statement of material facts not in dispute (Docket Entry No. 27). The plaintiff has filed a response to defendant Chautauqua's motion for summary judgment (Docket Entry No. 32), which is supported by memorandum (Docket Entry No. 33) and plaintiff's response to the defendant's statement of undisputed facts (Docket Entry No. 34). The defendant has also filed a reply to plaintiff's response to the pending summary judgment motion (Docket Entry No. 38). For the reasons that follow, defendant's motion for summary judgment will be **GRANTED** by separate order.

1

## II. BACKGROUND

Plaintiff filed her complaint in the Circuit Court of Davidson County, Tennessee on August 11, 2004, alleging negligence on the part of defendants Delta Airlines and Chautauqua Airlines. The plaintiff alleges that the defendants were guilty of negligence resulting in personal injury, as plaintiff was unexpectedly struck in the face by a tray table during final descent on defendants' flight from Nashville, TN to Orlando, FL on September 17, 2003. Defendants exercised their right to remove the case to the U.S. District Court for the Middle District of Tennessee pursuant to 28 U.S.C. § 1441(a), as the District Court had original jurisdiction based on diversity between the parties under 28 U.S.C. § 1332(a). (Docket Entry No. 1). Defendant Chautauqua then filed its motion for summary judgment on July 27, 2005.[1] (Docket Entry No. 28).

In her complaint, the plaintiff alleges that she was injured by a tray table that "unexpectedly and without warning fell and struck her in the face" during Delta Airlines flight 6476/BNA-MCO

---

[1] On September 14, 2005, Defendant Delta and its affiliated companies filed a Voluntary Petition for Relief under 11 U.S.C. § 11 in the United States Bankruptcy Court for the Southern District of New York. Pursuant to 11 U.S.C. § 362, that filing created an automatic stay that enjoins and restrains certain acts and proceedings against the debtors or their property. (See Docket Entry No. 29). Chautaugua, as a non-bankrupt co-defendant, is not covered by this stay and therefore its motion for summary judgment is ripe for adjudication.

2

from Nashville, Tennessee to Orlando, Florida on September 17, 2003. Chautauqua Airlines was the operator of that flight. The complaint alleges that while plaintiff was leaning over to retrieve her purse from underneath the seat in front of her, the standard tray table attached to that seat suddenly struck her on the nose, causing severe injuries to her nasal cavities and sinuses. (See Docket Entry No. 1, Ex. A).

It is undisputed that the tray table was held in the upright and locked position by a latch or knob, and that during the hour-and-a-half flight, plaintiff never lowered the tray table. (Docket Entry No. 34, ¶¶ 5, 6). Plaintiff has averred that she cannot describe the appearance of the latch or knob that held the tray table, that she never saw the latch or knob before the tray table lowered and struck her, and that she noticed nothing unusual about the latch or knob once she put the table back into its upright and locked position. (*Id.* at ¶¶ 9-11). Discovery in this matter closed on June 27, 2005, without plaintiff Thompson disclosing a witness pursuant to Rule 26, taking a single deposition of the defendant's agents or employees, or submitting interrogatories or otherwise requesting documents related to the case. Plaintiff rests on the evidentiary theory of *res ipsa loquitur* to establish an inference of negligence on the part of Chautauqua, in addition to alleging specific acts of negligence including (1) failure to maintain equipment in a safe fashion,

3

(2) failing to warn travelers of potential hazards, and (3) failing to otherwise operate the aircraft in a manner to prevent said injuries from occurring.

### III. ANALYSIS
#### A. Summary Judgment Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment may be rendered if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." A "genuine issue of material fact" is one that might change the outcome of the litigation--"[f]actual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986).

In order to defeat a motion for summary judgment, the nonmoving party may not merely rest on conclusory allegations contained in the complaint, Celotex Corp. v. Catrett, 477 U.S. 317 (1986), but must affirmatively demonstrate "sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." Anderson, 477 U.S. at 249. For purposes of summary judgment, the court must view the evidence in

4

the light most favorable to the nonmoving party.  Matsushita
Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
However, mere conclusory and unsupported allegations rooted in
speculation do not meet plaintiff's burden to defeat a summary
judgment motion; the existence of specific material evidentiary
facts must be shown.  Bryant v. Kentucky, 490 F.2d 1273, 1275
(6th Cir. 1974).

### B.  Applicability of *Res Ipsa Loquitur*

Plaintiff asserts first that the facts of this case
establish an inference of negligence under the doctrine of *res
ipsa loquitur*.  This doctrine is evidentiary, and when applicable
it permits an inference that a defendant breached a duty owed to
a plaintiff and that the defendant's conduct caused the
plaintiff's injury.  Burton v. Warren Farmer's Co-op., 129 S.W.3d
513, 526 (Tenn. Ct. App. 2002).  In order to meet the evidentiary
burden required to proceed on a *res ipsa* theory, the plaintiff
must demonstrate that (1) there was a "thing" causing an injury,
(2) that this "thing" was under the "exclusive management and
control" of the defendant or its servants, and (3) that this
"thing" is of such a nature that injury does not ordinarily
result from its careful management.  Armes by Armes v. Hulett,
843 S.W.2d 427, 432-433 (Tenn. Ct. App. 1992).  Even after an
inference of negligence is established, however, the plaintiff
must still prove (1) that the defendant owed plaintiff a duty,

5

(2) that plaintiff was injured, and (3) that the defendant was the "legal cause" of plaintiff's injury. Burton, 129 S.W.3d at 526. In short, to apply *res ipsa loquitur*, "the evidence must be sufficient to enable the fact-finder to conclude that the injury was caused, more probably than not, by the defendant's negligence rather than by any other cause." Underwood v. HCA Health Servs. of Tenn., 892 S.W.2d 423, 426 (Tenn. Ct. App. 1994). Because the plaintiff cannot demonstrate that the tray table which injured her was in the "exclusive management and control" of defendant or its servants and that her injury is of the type that does not occur absent someone's negligence, the doctrine is inapplicable and plaintiff must show some specific act of negligence causing her injury to avoid summary judgment.

In Underwood, a hospital visitor brought an action alleging negligence against the hospital for injuries sustained by a falling cover on a self-service ice dispenser. *Id.* at 425. The plaintiff presented very little evidence concerning the circumstances surrounding her injury, the hospital's maintenance of the dispenser, or the ice dispenser itself, but rather relied on the doctrine of *res ipsa loquitur* to establish an inference of negligence on the part of the hospital in failing to maintain the dispenser. *Id.* at 426. Because there was no evidence that the ice dispenser itself was operating improperly or that the cover was defective or improperly attached, the Tennessee Court of

6

Appeals affirmed the lower court's refusal to apply the *res ipsa* doctrine because a fact-finder would be required to speculate as to whether the hospital employees or its customers caused the condition, and whether the condition had existed long enough to create a duty for the hospital to repair the condition. *Id.* at 427-28.

The instant matter is not unlike the factual scenario in Underwood. While the duty of Chautauqua is based upon a common carrier theory as opposed to the premises liability duties imposed upon a hospital, the overarching negligence inquiry remains the same--did the defendant know, or should it have known, of a condition on its property that could foreseeably cause harm to patrons? The proof in this case, such as it is, does not warrant a reasonable inference that Chautauqua's negligent maintenance of the tray table, more probably than not, caused her injury.

The record is devoid of evidence that the table assembly was operating improperly or that the table was defective or improperly attached. Evidence of an injury is not, by itself, sufficient to prove that the injury was caused by someone else's negligence. Williams v. Jordan, 346 S.W.2d 583, 586 (Tenn. 1961). Further, the plaintiff cannot show that the tray table was in the exclusive control of the defendant. Rather, it appears that from the time the aircraft took off to the time of

7

the injury, the plaintiff in fact maintained control over the tray table, whether she chose to use it or not. Any number of other passengers could have been responsible for the table's condition at the time of injury as well.

There is simply not enough evidence for a fact-finder to do anything more than speculate as to the condition causing injury or to the party responsible for it. In order to apply *res ipsa* to the facts of a case, the balance of probabilities must enable the fact-finder to make more than a sheer leap of faith to establish that negligence was present. 4 Fowler V. Harper et al., The Law of Torts §§ 19.5, at 25 (2d ed. 1986). Because it is not at all clear that the instrumentality creating the harm was controlled solely by the defendant, and it is possible that this harm could have occurred absent any negligence on the part of the defendant, plaintiff cannot claim the benefit of an inference of negligence under the *res ipsa loquitur* doctrine.

### C. Plaintiff's General Negligence Claim

Because plaintiff cannot rely on *res ipsa loquitur* to establish a genuine issue of material fact as to the maintenance of the tray table or to defendant's duty to warn of its condition, the plaintiff must allege specific acts of negligence and demonstrate evidence as to those acts creating a material factual dispute to avoid summary judgment. In order to establish liability in negligence, the plaintiff must prove that (1) she

8

was owed a duty, (2) defendant breached that duty, (3) this breach created a redressable injury, (4) the breach was the cause-in-fact of plaintiff's injury, and (5) the breach was the proximate or legal cause of the injury. McClung v. Delta Square Ltd., 937 S.W.2d 891, 894 (Tenn. 1996). If plaintiff is unable to raise specific material evidentiary facts which might reasonably allow the fact-finder to find in her favor on each of these elements, her claim must fail. As explained below, even when viewing all facts in the light most favorable to the plaintiff, summary judgment is proper because plaintiff has not established any genuine issue of material fact as to the breach and causation elements of her negligence action.

It is axiomatic that common carriers owe a heightened duty of care to their passengers and, consistent with the practical conduct of their business, must exercise the utmost diligence, skill, and foresight to provide for their passengers' safety. White v. Metro Gov't of Nashville, 860 S.W.2d 49, 52 (Tenn. Ct. App. 1993). However, common carriers are not insurers of their passengers' safety, and passengers must observe surrounding conditions and protect themselves from risks and hazards that ordinarily accompany the conveyance they are using. *Id.* While plaintiff can claim a duty owed as a passenger on defendant's airplane, the plaintiff has failed to demonstrate that the defendant breached that duty by failing to maintain the tray

9

table in a safe fashion.

As alluded to above, the plaintiff cannot show that the tray table or its latch was defective, or that the defendants were somehow negligent in maintaining it. After ample time for discovery, the plaintiff has not demonstrated any proof other than the fact of her injury to establish that the tray table was unsafe or otherwise hazardous. Absent such a showing, a reasonable fact-finder would be forced to resort to speculation and conjecture to determine whether defendant breached its duty. The record does not demonstrate how the latch was defective, if at all, and does not foreclose the possibility of causes for the injury not linked to the defendant's alleged negligence.

It is for similar reasons that plaintiff's claim fails to raise a genuine issue of material fact with respect to causation. Causation is generally a fact question for the jury, but the issue may be decided as a matter of law when plaintiff's evidence would only permit the jury to guess or speculate how her injuries occurred. Stroming v. Houston's Restaurant, 1994 WL 658542 at *4 (Tenn. Ct. App. 1994). In Stroming, defendants were awarded a directed verdict on a negligence claim against their restaurant when the plaintiff was unable to demonstrate the cause of her fall in the restaurant parking lot. *Id.* The mere fact that the plaintiff had fallen near a sunken area in the pavement was not enough for a jury to decide whether the restaurant had been

10

negligent. The plaintiff failed to prove a sufficient causal connection between the condition of the lot giving rise to the fall and the fall itself, resulting in the dismissal of her claim.

The instant matter is similar to <u>Stroming</u> in its lack of proof relating to causation. It is undisputed that the tray table itself caused plaintiff's injuries, but it is not all clear that this injury was brought about by the defendant's negligence. Absent some showing that there was a failure to maintain the tray table or latch in a safe condition or that the tray table possessed characteristics requiring the defendant to warn of its condition, the plaintiff simply cannot succeed in proving that her injuries were more probably caused by the defendant's negligence than by any other possible explanation. The jury would be required to speculate as to whether the defendant created the condition which injured plaintiff, or if plaintiff herself or some other passenger engaged in conduct giving rise to the tray table's unexpected movement. There is simply no proof in the record of what exactly caused the tray table to fall.

Because the record lacks evidence to demonstrate a breach of Chautauqua's duty as a common carrier and the record similarly fails to generate a material factual dispute as to causation, plaintiff has not met the evidentiary burden to overcome defendant's motion for summary judgment.

## IV. CONCLUSION

In light of the foregoing, the defendant's summary judgment motion will be **GRANTED**, and an appropriate order will enter dismissing the case against defendant Chautauqua Airlines.

**ENTERED** this 28th day of November, 2005.

    /s/ Joe B. Brown
JOE B. BROWN
UNITED STATES MAGISTRATE JUDGE